United States District Court
Southern District of Texas
**ENTERED**
April 09, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM HEARNE, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-3458 |
| | § | |
| ARCTIC FOX LOGISTICS, LTD. and | § | |
| RAPHAEL AUDETTE, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before this Court is Arctic Fox Logistics, Ltd.'s ("Arctic Fox") Motion for Summary Judgment. (Doc. No. 15). William Hearne ("Plaintiff") did not respond to the motion, and the time to do so has long passed, making the motion ripe for ruling. Having considered the motion, the record, and the applicable law, the Court **GRANTS** the motion. (*Id.*).

Plaintiff also joined one Raphael Audette ("Audette"; collectively, with Arctic Fox, "Defendants") as a defendant. To date, however—a year and a half after the case was removed to this Court and almost three years after the case was originally filed in state court—Plaintiff has not served Audette or his estate.[1] Consequently, Plaintiff's claims against Audette are **DISMISSED** for failure to timely serve process. *See* FED. R. CIV. P. 4(m).

### I.   Background

This case arises out of a motor vehicle accident that occurred on or about October 14, 2021. Plaintiff alleges that Audette[2] "came into Plaintiff's lane and struck him. (Doc. No. 1-1 at 2). As a

---

[1] While this case was pending before this Court, Arctic Fox filed a Suggestion of Death, informing the Court that Audette passed away on May 31, 2023. (Doc. No. 7). No attempt has been made to bring any action against his estate.

[2] Plaintiff's Petition does not actually specify that it was Audette who allegedly struck him, only stating that an unspecified "Defendant came into Plaintiff's lane and struck him." (Doc. No. 1-1 at 2). Since, however, an entity like Arctic Fox cannot drive, the Court presumes Plaintiff meant Audette was driving.

result, Plaintiff allegedly suffered severe bodily injuries, to recover for which he brought this suit in state court against Audette and Arctic Fox. (*Id.* at 1). Plaintiff alleges that Audette negligently failed to control his vehicle's speed, operate his vehicle safely, keep a proper lookout, yield the right of way, and maintain a safe distance. (*Id.* at 2). Plaintiff also asserts that "Defendant should . . . be held liable as a matter of law for his violations of the Texas Transportation Code." (*Id.* at 3). These bare allegations and assertions comprise the whole of Plaintiff's Petition.

Having timely removed the case to this Court and properly invoked diversity jurisdiction,[3] Arctic Fox moves for summary judgment on all of Plaintiff's claim. (Doc. No. 15).

## II.   Legal Standards

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4; see also Hanen L.R. 7(D). As stated above, Plaintiff failed to respond to Arctic Fox's motion, and the time to do so has long passed. Therefore, the local rules would allow the Court to grant Arctic Fox's motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *Johnson v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213–14 (5th Cir. 1980). In other words, where a party does not respond to a motion for summary judgment, such failure does not permit the Court to enter a "default" summary judgment. Therefore, the Court will consider the merits of the motion.

---

[3] Plaintiff is a citizen of the State of Texas, while Arctic Fox is a corporation organized under the laws of Manitoba, Canada, with its principal place of business there. (Doc. No. 1 at 2). Audette, though not served, is also a citizen of Manitoba, Canada. (*Id.*). Plaintiff also seeks damages over $200,000 but less than $1,000,000. (Doc. No. 1-1 at 3).

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

### III. Analysis

#### A. Arctic Fox's Motion for Summary Judgment

Plaintiff seems to allege a negligence cause of action in addition to claims stemming from the Texas Transportation Code. (Doc. No. 1-1). Arctic Fox moves for summary judgment on both. They are taken in turn.

##### i. Negligence

"To establish a claim for negligence under Texas law, the plaintiff 'must establish a duty, a breach of that duty, and damages proximately caused by the breach.'" *Eckhardt v. Qualitest*

Case 4:23-cv-03458   Document 16   Filed on 04/08/25 in TXSD   Page 4 of 5

*Pharmaceuticals, Inc.*, 751 F.3d 674, 681 (5th Cir. 2014) (quoting *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006)).

The basis of Arctic Fox's motion is that there is an absence of evidence on any of those elements. (Doc. No. 15 at 4). It also points out that Plaintiff has no attempt to gain any such evidence. In fact, Arctic Fox writes that "Plaintiff failed to serve discovery or respond to [Arctic Fox's] request . . . [and] failed to conduct depositions or retain any experts." (Doc. No. 15 at 4). Unsurprisingly, that complete failure to conduct discovery and prosecute this case has led to a record devoid of any evidence on any of the foregoing elements. In such absence of evidence, Plaintiff cannot point to "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Indeed, given that Audette was the driver, not Arctic Fox, Plaintiff puts forth no evidence that shows why Arctic Fox owed him a duty or why Arctic Fox should be vicariously liable. Similarly, nothing in the record shows that Arctic Fox breached a duty, if any, or that purported breach proximately caused any damages. Consequently, Plaintiff cannot survive summary judgment on the common-law negligence claim.

    ii.    **Texas Transportation Code**

Under the header "Negligence," Plaintiff pleads broadly that "Defendant should also be held liable as a matter of law for his violations of the Texas Transportation Code." (Doc. No. 1-1 at 3). The Texas Transportation Code spans over a thousand sections. Regardless of whether he points to the Code to claim a negligence per se cause of action or an independent statutory cause of action, he does not specify which one of those thousand sections was allegedly violated by which Defendant. Even if he had so specified, the complete lack of evidence in the record undermines claims he might have brought under any section of the Code. Therefore, the Court **GRANTS** summary judgment on Plaintiff's claim based on the Texas Transportation Code.

### B. Failure to Timely Serve Process on Audette

If service of process is not effectuated before removal, Rule 4(m) provides Plaintiff 90 days after removal to do so. FED. R. CIV. P. 4(m); *see Hickman v. U.G. Lively*, 897 F. Supp. 955, 959 (S.D. Tex. 1995); *Goss v. Bureau Veritas N. Am., Inc.*, No. 4:21-cv-02574, 2022 WL 444477, at *4 (Ellison, J.) ("Generally, in removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court.")

This case was removed on September 14, 2023, before Audette could be served. A year and a half later—after the 90-day period passed six times over—neither Audette nor his estate has been served. Consequently, the Court **DISMISSES** Plaintiff's claims against Audette.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Arctic Fox's Motion for Summary Judgment, (Doc. No. 15), and **DISMISSES without prejudice** Plaintiff's claims against Audette (or his estate) for failure to timely serve process.

A separate final judgment that disposes of this case will accompany this Order in compliance with Federal Rules of Civil Procedure 58(a).

It is so ordered.

Signed on this the 8 day of April, 2025.

Andrew S. Hanen
United States District Judge

5